## CHARITY HOSPITAL v. MEYEAUX

___

(July 14, 1928.  Opinion and Decree.)

___

(*Syllabus by the Court*)

1.  **Louisiana Digest—Appeal—Par. 285.**

The Charity Hospital is a state institution, exercising public functions, within the meaning of Act 173 of 1902, exempting state boards and commissions from furnishing bonds in judicial proceedings.  The exemption extends to suits by the Hospital for charges, which, under Act 126 of 1924, it is authorized to collect, under certain circumstances, for services rendered to employees covered by the compensation law.

Appeal from the Civil District Court. Division "A."  Hon. H. C. Cage, Judge.

Action by the Charity Hospital against Cyril Meyeaux.

There was judgment for defendant and plaintiff appealed.

Motion to dismiss denied.

Emmet Alpha of New Orleans, attorney for plaintiff, appellant.

Denegre, Leovy & Chaffe, of New Orleans, attorneys for defendant, appellee.

## ON MOTION TO DISMISS

WESTERFIELD, J.   This motion is based upon the allegation that "no appeal bond has been furnished by the Charity Hospital, appellant, and that there is no warrant in law for the action of the trial judge in entering an order authorizing the said appellant to take this appeal without security".

The appellant insists upon its right to appeal, without security, as a municipal board, exercising public functions within the meaning of Act No. 173 of 1902, reading as follows:

"That the State Board of Education, Parish or Municipal School Boards, the Drainage and Sewerage Commission of the City of New Orleans, the Board of Liquidation of the City Debt of New Orleans, the State Board of Law Examiners, the State Board of Medical Examiners; the State, Parish and Municipal Boards of Health and other state, parish and municipal boards or commissions exercising public power or administering public functions shall not be required to furnish any bond whether of appeal or otherwise in any judicial proceedings instituted either by or against said boards or commissions."

The argument in support of the motion to dismiss is that in this particular case the Charity Hospital is not "exercising public power or administering public functions" because in this case it sues for hospital charges authorized by Act 126 of 1924 permitting such charges, under certain circumstances in connection with hospital services to employees covered by the compensation act, and therefore "when a governmental agency leaves the ordinary fields of public service and enters the arena of private profit, it can not invoke the special privileges and exemptions with which public agencies are ordinarily clothed".

The Charity Hospital is supported almost exclusively by direct appropriation from the state treasury, the last appropriation bill carrying an item of $717,384 for maintenance.   The Act of 1924 merely authorizes the Hospital in certain cases to collect the cost of treating individuals to whom compensation is due under the compensation law.   Whether, in the instant

case, it can collect this expense must be decided, when the case is heard on the merits. But the hospital is none the less a public institution, and it is serving the public as well in this instance as upon any other occasion. Assuming the fees sued for can be recovered, is it not in the public interest to collect them? We are told that such fees, in the yearly aggregate, will be insignificant, compared with the amount received from the state treasury. But, whether large or small, in collecting the fees, the hospital will be more or less supported, and the State of Louisiana more or less relieved of its burden. We conceive it to be the duty of the hospital to collect these charges, in cases permitted by law.

The motion to dismiss is denied.